UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY COMO                                                           CIVIL ACTION

VERSUS                                                              16-773-SDD-RLB

KIMBERLY GUY, ET AL.

## RULING

This matter is before the Court on the *Motion for Default Judgment*[1] by Plaintiff, Terry Como ("Plaintiff"). Plaintiff resolved all claims against the appearing Defendants in this matter; however, Defendant Kimberly Guy ("Guy") has never appeared in this matter nor filed an *Opposition* to this motion despite being personally served on January 20, 2017.[2] Plaintiff's claims were ultimately resolved against all other Defendants in this matter; however, no further action was taken by Plaintiff as to Guy until the Magistrate Judge issued an *Order to Show Cause* on June 7, 2018, requiring Plaintiff to show cause, on or before June 18, 2018, why the claim against Guy should not be dismissed for failure to prosecute.[3] Alternatively, Plaintiff was given leave to seek entry of a preliminary default by the Clerk of Court. Plaintiff responded immediately and, on that same date, June 7, 2018, Plaintiff moved for the Clerk of Court's entry of preliminary default,[4] which was granted on June 8, 2018.[5] Plaintiff now moves for a *Judgment of Default* and seeks damages totaling $2,608,315.28.

---

[1] Rec. Doc. No. 27.
[2] Rec. Doc. No. 12.
[3] Rec. Doc. No. 21.
[4] Rec. Doc. No. 22.
[5] Rec. Doc. No. 23.
53013

I. **BACKGROUND**

This case arises out of a traffic accident that occurred on October 24, 2015 in West Baton Rouge Parish, State of Louisiana. Plaintiff claims that he was operating a 2005 Harley Davidson Motorcycle, owned by him, traveling southbound on Highway 1, "when suddenly and without warning or cause Kimberly Guy, who was operating a 1999 Toyota Corolla west bound on Chris Drive which intersects with Highway 1, failed to stop at a stop sign entering Highway 1 and struck the vehicle operated by Terry Como."[6] Plaintiff contends the sole cause of the accident was the negligence of Kimberly Guy, who failed to obey the traffic signals. Plaintiff alleges that, at the scene of the accident, Guy was issued citations for Careless Operation and No Insurance in violation of La. R.S. 32:58 and 32:861, respectively.[7] Plaintiff originally sued Guy and several other defendants in state court under Louisiana Civil Code article 2315 and sought exemplary damages pursuant to article 2315.4.[8]

As a result of the collision, Plaintiff suffered severe injuries and was diagnosed with closed lumbar vertebral fracture, lumbar canal stenosis, and a lumbar compression fracture. Plaintiff has presented evidence that he underwent emergency surgery on October 25, 2015, performed by Dr. Richard Stanger of the Neuromedical Center, who performed a T12-L2 posterior lumbar fusion with pedicle screws and rods, posterolateral

---

[6] Rec. Doc. No. 27-1 at 1.
[7] Rec. Doc. No. 1-2, ¶ 7.
[8] This case was removed by Defendants, David H. Toups in his official capacity as the Mayor of the Town of Addis and Richard Anderson in his official capacity as the Chief of Police for the Addis Police Department because Plaintiff asserted claims against these Defendants for alleged violations of his rights under the United States Constitution in violation of 42 U.S.C. § 1983, which triggered this Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Pursuant to 28 U.S.C. § 1367, the Court exercised supplemental jurisdiction over the state law claims which remained, namely those asserted against the defaulting Defendant, Guy.

53013

arthrodesis, laminotomy and decompression with forward compression of the retropulsed bone fragments at L1 and L2. Plaintiff claims he continues to have extreme pain as a result of his injuries and is unable to perform his job as a pipe fitter/machinist. Although Plaintiff attempted to return to work, he claims he is unable to work as a result of the pain, and he is currently applying for social security disability benefits and permanent disability.

Plaintiff also contends he has been unable to engage in his normal and usual social, recreational, and family activities as a result of these injuries. Particularly, Plaintiff was an "avid motorcycle rider and considers it to be his greatest love and passion."[9] Plaintiff claims his injuries and pain resulting from the accident have greatly reduced his ability to ride.

Allegedly due to the fault of Guy, Plaintiff claims the following injuries and seeks the following amounts in damages:

> Based upon the negligence of the Defendant, Kimberly Guy, Terry Como sustained extensive injuries resulting in property damage, loss of use, past, present and future pain, suffering, mental anguish, distress and loss of social functions, past, present and future medical expenses and expenses incurred to accommodate physical disability, past, present and future loss of the ability to engage in his normal and usual social, recreational and family activity, past, present and future lost wages and permanent physical disability. Terry Como seeks an award for medical expenses in the amount of $103,512.54, property damage in the amount of $11,693.48, loss of use in the amount of $5,000.00, lost wages in the amount of $41,385.32, loss of future earnings in the amount of $945,950.10, past, present and future pain and suffering in the amount of $1,000,000.00, permanent disability in the amount of $500,000.00, costs in the amount of $773.84 and for all other appropriate relief.[10]

---

[9] *Id.* at 2.
[10] *Id.* at 4-5.
53013

## II. LAW AND ANALYSIS

### A. Default Judgment

The United States Court of Appeals for the Fifth Circuit has outlined a three step process to obtain a default judgment: (1) a defendant's default; (2) a clerk's entry of default; and (3) a plaintiff's application for a default judgment.[11] The service of summons or lawful process triggers the duty to respond to a complaint.[12] A defendant's failure to timely plead or otherwise respond to the complaint triggers a default.[13] Accordingly, Rule 55 provides that the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...."[14]

After the Clerk of Court has found a defendant to be in default, the Court may, upon motion by a plaintiff, enter a default judgment against the defaulting defendant.[15] Default judgments are "generally disfavored in the law" in favor of a trial upon the merits.[16] Indeed, default judgments are considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.... [T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive party.'"[17] Even so, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial

---

[11] *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996).
[12] *Fagan v. Lawrence Nathan Assocs.*, 957 F.Supp.2d 784, 795 (E.D.La. 2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir.1999)).
[13] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[14] Fed.R.Civ.P. 55.
[15] *Id.*
[16] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)).
[17] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970)).
53013

judge's discretion."[18] In accordance with these guidelines, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[19] While "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," the Court retains the obligation to determine whether those facts state a claim upon which relief may be granted.[20]

Courts have developed a two-part analysis to determine whether a default judgment should be entered against a defendant.[21] First, a court must consider whether the entry of default judgment is appropriate under the circumstances.[22] The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.[23] Second, a court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment.[24]

---

[18] *Rogers,* 167 F.3d at 936 (internal citations omitted).
[19] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996); *see also Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").
[20] *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming the district court's denial of a default judgment because, even if the plaintiffs factual allegations were found to be true, the defendants would not have been liable under the law).
[21] *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D.La. 2014); *United States v. Chauncey*, No. 14–CV–32, 2015 WL 403130, at *1 (M.D.La. Jan. 28, 2015); *see also Fidelity & Guaranty Life Ins. Co. v. Unknown Tr. of Revocable Trust–8407*, No. 13–CV–412–PRM, 2014 WL 2091257, at *2 (W.D.Tex. May 16, 2014) (citing cases).
[22] *See Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir.1998).
[23] *Id.*
[24] *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.
53013

### B. Entitlement to Default Judgment

As set forth above, the Court must determine whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. As reflected by the record, Guy failed to file an *Answer* or a motion under Rule 12 in response to the Plaintiff's original *Petition*. As such, there are no material facts in dispute. Further, the grounds for granting a default judgment against Guy are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default, outlined above. Nothing before the Court suggests that Guy's failure to respond or appear was the result of either good faith mistake or excusable neglect. Finally, Guy's failure to file any responsive pleading or motion mitigates the harshness of a default judgment.[25] The Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Guy. Thus, the Court finds that the *Lindsey* factors weigh in favor of default.

The Court must also decide if Plaintiff's pleadings provide a sufficient basis for a default judgment against Defendants. As set forth above, Plaintiff sued Guy for negligence under La. C. C. art. 2315. Further, it is undisputed that, at the scene of the accident, Guy received citations for Careless Operation and No Insurance in violation of La. R.S. 32:58 and 32:861, respectively, suggesting her fault in the collision.

### C. Damages

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."[26] A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can

---

[25] *See Taylor*, 39 F.Supp.3d at 814.
[26] *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011).
53013

be demonstrated "by detailed affidavits establishing the necessary facts."[27] If a court can mathematically calculate the amount of damages based on the pleadings and supporting, a hearing is unnecessary.[28]

While some of the elements of Plaintiff's damages are mathematically calculable based on the supporting documentation and Affidavits submitted, the Court has reservations about awarding such a large amount in damages, over $2.5 million, particularly $945,950.10 for loss of future earnings, without conducting a hearing.

Plaintiff justifies the sought-after award for loss of future earnings by calculating his projected earnings for the year prior to injury ($94,950.01) and multiplying this amount by a minimum work-life expectancy of ten years. In support of this calculation, Plaintiff provides evidence of his hourly earnings ($36.27 hourly; $54.41 overtime), his year-to-date earnings prior to the accident ($76,858.45), and his past work history through the W-2 for his 2014 wages ($84,974.33). Plaintiff relies on the four factors set forth in *Rathey v. Priority EMS Inc.* in support of his claim: "the plaintiff's physical condition before the injury, the plaintiff's past work history and work consistency, the amount the plaintiff would have earned absent the injury complained of, and the probability that the plaintiff would have continued to earn wages over the remainder of his working life."[29]

"To obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence which indicates with reasonable certainty that

---

[27] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979).
[28] *Joe Hand Promotions, Inc. v. Alima*, No. 3:13–CV–0889–B, 2014 WL 1632158, at *3 (N.D.Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993)).
[29] 2004-0199, p. 51 (La. App. 4th Cir. 1/12/05), 894 So.2d 438, 471 (Though this is an accurate statement of the factors to be weighed in determining the amount of a future loss of earning capacity award, it is not the analysis to take when determining whether or not to administer the award).
53013

there exists a residual disability causally related to the accident."[30] Though not explicit in the provided citation to case law, several courts have implicitly treated the medical evidence requirement to be a requirement for medical **expert** testimony as to the causation of future impairment.[31] However, in *Desimone v. Shoney's, Inc.*, the district court for the Eastern District of Louisiana held that a plaintiff's testimony alone, if accepted as true, may be sufficient to prove a loss of earning capacity claim, provided that it may be reasonably estimated.[32]

"When a party seeks a default judgment for damages, the Fifth Circuit has held that 'damages should not be awarded without a hearing *or* a demonstration by detailed affidavits establishing the necessary facts.'"[33] Furthermore, "where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary."[34] Applying the reasoning and analysis in *Fagan* and *Desimone*, the Court is mindful that, provided that a plaintiff's pleadings and supporting documents can establish with certainty the amount of future lost wages, a damages hearing may be unnecessary even in the absence of medical expert testimony. The Court has reviewed Plaintiff's W-2s and projected work-life expectancy, which ostensibly accurately

---

[30] *Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991) (citing *Bize v. Boyer*, 408 So. 2d 1309 (La. 1982)).
[31] *Bize v. Boyer*, 408 So.2d 1309, 1312 (La.1982); *Naman v. Schmidt,* 541 So.2d 265 (La. App. 4th Cir.1989); *Holman v. Reliance Ins. Co.*, 414 So.2d 1298 (La. App. 2nd Cir.1982), *writ denied*, 420 So.2d 164 (La. 1982)(emphasis added).
[32] No. 89-5081, 1990 WL 130612 at *3 (E.D. La. September 6, 1990).
[33] *Fagan v. Lawrence Nathan Associates, Inc.* 957 F.Supp.2d 784, 802 (E.D. La. July 9, 2013) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).
[34] *Id.* at 802 (citing *Columbia Pictures Indus., Inc. v. Whitting*, No. 06-CA-0133, 2006 WL 1851388, at *1 (W.D. Tex. June 1, 2006)).
53013

substantiate the liquidated sum requested.[35]  Nevertheless, the Court has some questions regarding Plaintiff's submitted damages evidence.

Documents accounting for the vast majority of Plaintiff's medical history following the accident - including physicals, surgical history, and frequent checkups - are readily available in the record to demonstrate a causal link between the initial injury and Plaintiff's inability to work further.[36]  Notably missing from the record, however, is documentation of a final physical examination wherein Plaintiff is deemed permanently unable to work. Indeed, the last recorded physical in the record, dated April 19, 2016, demonstrates that Plaintiff exhibited little to no inability to work for up to twelve hours a day.[37]  Approximately three months after this physical, the record features a phone note which describes the Plaintiff as "upset" and requesting an X-ray for his thoracic spine.[38]  Following this phone call, the next medical evidence in the record is Plaintiff's request for disability.[39]  From the Court's view of the evidence submitted, prior to the phone note, the last comprehensive physical exam made by a medical professional in the record (4/19/2016) indicated that Plaintiff was "walking well," "[w]orks 12 hours a day," and only complained of "back stiffness and spasms when he lies down."  On the record before it, the Court is unable to find a total and permanent disability which is the necessary precursor to support the future wage loss claim made by the Plaintiff.

---

[35] *See* Rec. Doc. 27-1 p. 3; *see also Desimone v. Shoney's, Inc.*, 1990 WL 130612 (E.D. La. September 6, 1990) (where the court utilized the plaintiff's provided calculations in the absence of W-2s to grant future loss of income).
[36] *See* Rec. Doc. 27-7.
[37] *See* Rec. Doc. 27-7 p. 22.
[38] *Id.* at 17.
[39] *Id.* at 16.
53013

Accordingly, the Court shall set a hearing to determine Plaintiff's damages by separate notice.[40]

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Default Judgment*[41] is GRANTED. *Judgment* shall be entered following a hearing on damages.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 15, 2019</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[40] The Court is aware of Plaintiff's availability and will endeavor to accommodate the dates set forth in Rec. Doc. No. 29, if possible.
[41] Rec. Doc. No. 27.
53013